OPINION OF THE COURT
Edward S. Conway, J.
This is an article 78 proceeding in which petitioner seeks an order reviewing and annulling the determination of respondents, made pursuant to section 3450 of the Public Health Law, on the ground that said determination was arbitrary and capricious and that the petitioner has had no opportunity to be heard.
The respondents move to dismiss the article 78 proceeding on the ground that there is no provision for court review of a mandatory act and the court, therefore, has no underlying jurisdiction of the subject matter, and on the further ground that the petition fails to state a cause of action.
The petitioner opposes the motion to dismiss the petition and cross-moves for an order declaring section 3450 (subd 4, par [a]) of the Public Health Law unconstitutional.
Petitioner was a licensed funeral director. He was convicted by the New Jersey Superior Court on April 3, 1980 of robbery and armed feature, which in New York State is a felony. His license was revoked by the State of New York *821 on November 12, 1980 pursuant to section 3450 (subd 4, par [a]) of the Public Health Law.
The instant proceeding was commenced challenging the revocation and the respondents on the ground that, by its language, section 3450 (subd 4, par [a]) mandates a statutory duty be done which is in no way a discretionary action or involved no determination or judgment on the part of the commissioner and which did not include the hearing process provided in section 3451 of the Public Health Law.
The petitioner contends that section 3450 (subd 4, par [a]) is unconstitutional because it sanctions mandatory rather than discretionary action and violates the demands of due process.
This court cannot agree with the contentions of the petitioner. The statute in question provides: “A person convicted of a felony shall forfeit his license to practice as a funeral director, undertaker, or embalmer, and upon preséntation to the department of a certified copy of a court record showing that he has been convicted of a felony, that fact shall be noted on the record of license, and the license shall be revoked, and the registration shall be cancelled.”
The directive contained in section 3450 (subd 4, par [a]) is clear and unqualified; the license shall be revoked upon the licenseholder’s conviction of a felony. A conviction constitutes an abridgement of the license automatically terminating its duration. In weighing the interest of a funeral director convicted of a felony, whether justly or unjustly, against that of the public, the balance must be struck in favor of the public’s right to rest assured that its funeral directors are individuals of moral integrity in whom they may, without second thought, place their confidence and trust. Further, the penalty imposed by the statute is not so severe as to shock one’s sense of fairness (Matter of Pell v Board of Educ., 34 NY2d 222).
There is no provision for review of revocations pursuant to subdivision 4 of section 3450 and thus is constitutional in the view of this court. Therefore, the court has no jurisdiction. The action taken was constitutionally mandated and the motion of respondents to dismiss the petition is granted. The cross motion of the petitioner is denied.